J-S28038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM J. GARMAN II :
:
Appellant : No. 1791 MDA 2024

Appeal from the Judgment of Sentence Entered November 19, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000885-2024

BEFORE: BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED SEPTEMBER 08, 2025**

Appellant, William J. Garman II, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas, following his guilty plea to driving under the influence of alcohol ("DUI")—highest rate of alcohol.[1] We vacate and remand for resentencing.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> On November 19, 2024, this [c]ourt sentenced Appellant on Count 1, [DUI]—highest rate of alcohol, a second offense in ten, a misdemeanor one[,] after the [c]ourt accepted Appellant's guilty plea as knowing, intelligent, and voluntary on October 11, 2024, for an incident occurring on or around October 10, 2023. Appellant was sentenced in accordance with his Guilty Plea Colloquy completed on October 10, 2024, including a mandatory minimum period of incarceration of ninety (90) days to five (5) years based on

_____

[1] 75 Pa.C.S.A. § 3802(c).

prior acceptance of accelerated rehabilitation disposition [("ARD")] for a prior DUI offense.[2]  Additionally, Appellant was sentenced to pay the costs of prosecution, a fine of $1500.00, an Act 198 fee of $300.00, and Restitution in the amount of $11,410.08….  Also, Appellant was made pre-release center eligible.  The [c]ourt further granted Appellant's Motion to Stay the Sentence pending the filing of appeal within the next thirty (30) days.  Appellant [timely] appealed from the November 19, 2024, Sentencing Order by filing his Notice of Appeal and Concise Statement of Matters Complained of on Appeal with the [c]ourt on December 6, 2024, by and through counsel[.]  …

(Trial Court Opinion, filed 3/21/25, at 1).

Appellant raises the following issues for our review:

In light of ***Alleyne v. United States***, [570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314] (2013) was it not unconstitutional for the Trial Court to consider Appellant-Defendant's past acceptance of ARD as a prior offense for sentencing purposes since ARD does not provide a citizen with the procedural protections afforded by ***Alleyne***, *i.e.*, a prior offense can only be determined by proof beyond a reasonable doubt?

Is it not fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof of guilt beyond a reasonable doubt?

(Appellant's Brief at 8).

As a preliminary matter, we note that during the pendency of this

_____

[2] ***See*** 75 Pa.C.S.A. § 3804(c)(2) (providing mandatory minimum of not less than 90 days' imprisonment for defendant convicted of Section 3802(c) (highest rate of alcohol) where current offense is second DUI offense); 75 Pa.C.S.A. § 3806 (including acceptance of ARD as "prior offense" for purposes of DUI sentencing statute).  ***See also*** 75 Pa.C.S.A. § 3803 (grading of DUI offenses).

appeal, our Supreme Court decided ***Commonwealth v. Shifflett***, \_\_\_ Pa. \_\_\_, 335 A.3d 1158 (2025). In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in ***Alleyne, supra*** and ***Apprendi v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in ***Apprendi*** and ***Alleyne*** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in ***Apprendi*** and ***Alleyne***. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

***Shifflett, supra*** at \_\_\_, 335 A.3d at 1175.

Based upon the express holding in ***Shifflett***, the trial court erred in sentencing Appellant as a second-time offender for the current DUI offense based on Appellant's prior acceptance of ARD. Our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Accordingly, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025